O. R. GRAHAM, Appellant,

v.

OAK PARK MOBILE HOMES, INC., Appellee.

No. 1099.

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 31, 1977.

William H. Berry, Jr., Corpus Christi, for appellant.

Mark Giles, Stone, Berryman & Giles, Corpus Christi, for appellee.

OPINION

YOUNG, Justice.

This is a suit to recover the value of a mobile home type trailer and its contents destroyed by fire. O. R. Graham brought suit against Oak Park Mobile Homes, Inc., based on res ipsa loquitur and specific acts of negligence. A general issue of negligence was submitted to the jury with instructions of res ipsa loquitur. The jury found liability issues for the plaintiff and found his damages to be $13,200.00. Defendant moved for a judgment non obstante veredicto and it was granted. Plaintiff appeals.

The parties tried the case before a jury which found; (1 and 2) that the destruction of the trailer and its contents was proximately caused by the negligence of the defendant; (3 and 4) that the failure of the plaintiff to test the trailer's butane system was negligence; and (6) that plaintiff's damages were $13,200.00. The jury refused to find (5) that plaintiff's negligence was a proximate cause of the fire. The trial court had included in the charge, among other instructions, the following instruction on res ipsa loquitur.

"You are instructed that you may infer negligence by a party but are not compelled to do so, if you find that the character of the accident is such that it would ordinarily not happen in the absence of negligence and if you find that the instrumentality causing the accident was under the management and control of the party at the time of the negligence, if any, causing the accident probably occurred."

A fair summary of the background facts shows these events and circumstances. Appellant purchased the mobile home from the appellee on June 7, 1972, and moved in that same day together with his wife and child. That night appellant discovered that there was no hot water for him to take his shower. Appellee's agent, James Booker O'Bryant, was notified and he said it would be checked out. The next day, on June 8, O'Bryant and Robert Arriaga, O'Bryant's employee, replaced the heating element in the water heater. This process was complicated by the need to drain the water (20 gallons) from the heater onto the floor. To

do this and to protect the carpet and interior of the heater closet, a dam of towels was built funneling the water out of the trailer. Some wetting of the insulation in the hot water heater and the carpeting surrounding it, however, did occur. To remove the element four foundation screws and two electrical connections were involved. Reconnection is done the same way and the wires can be attached to either pole. The element connections were located at the bottom of the heater three to six inches from the floor. O'Bryant and Arriaga finished their task between 5 and 6 p. m., but left the door off the heater to permit further drying. They did replace the panel to the heater closet.

That evening at approximately 9:30, appellant showered and there was hot water. At approximately 11:00 that night, he discovered a fire in the area of the water heater and attempted to extinguish it with water. This effort was ineffectual and the trailer was destroyed.

Appellant has brought forward 13 points of error. In his points 1 and 2 he asserts that the trial court committed error in granting appellee's motion for judgment notwithstanding the verdict. Because of this error the appellant urges that we should reverse the trial court's judgment and render judgment for him. We agree.

■ To sustain the action of the trial court in granting the motion for judgment notwithstanding the verdict, it must be determined by us that there is no evidence on which the jury could have made findings relied upon. And in acting upon the motion, we must consider the testimony in the light most favorable to party against whom the motion is sought; further, every reasonable intendment deducible from the evidence is to be indulged by us in such party's favor. *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547 (1962); Rule 301, T.R.C.P.

■ Our case was presented to the jury by general negligence issues accompanied by an instruction on res ipsa loquitur. In considering appellant's points 1 and 2, we will be guided by the rules about res ipsa

loquitur as set out in *Mobile Chemical Company v. Bell,* 517 S.W.2d 245 (Tex.Sup.1974), and 40 Tex.Jur.2d, Rev., Part 2, § 140 and § 141. The doctrine of res ipsa loquitur is applicable when the character of the accident is such that it would not ordinarily occur in absence of negligence and when the instrumentality causing injury is shown to have been under management and control of defendant. About control, it is sufficient to show that the defendant was in control at the time negligence inferable from the character of the accident probably occurred, so that reasonable probabilities point to defendant and support reasonable inference that he was the guilty party.

■ Continuing with res ipsa loquitur rules, the possibility of other causes does not have to be completely eliminated, but their likelihood must be so reduced that the jury can reasonably find by preponderance of the evidence that negligence, if any, lies at defendant's door. The evidence must show, however, that the injury or damage was the result of an act or omission of the defendant.

Keeping in mind the foregoing rules about motions for judgment notwithstanding the verdict and about the doctrine of res ipsa loquitur we now proceed to an analysis of the evidence.

There seems to be no dispute but that the fire was one that would not have ordinarily occurred in the absence of negligence. At any rate, O'Bryant testified that a properly operating water heater normally is not expected to be something that catches on fire. And there is no dispute but that O'Bryant and Arriaga, employees or agents of the defendant appellee, were the only ones who participated in the replacement of the heater element and the drainage of the water from the heater.

The chief controversy between the parties centers on the cause of the fire. In other words, whether the water drained from the heater by O'Bryant and Arriaga is the culprit by causing a short or arcing precipitating the fire. In that regard, we look principally to the appellant's expert, Charles L. Throneburg, who was a fire in-

spector for the Corpus Christi Fire Department. Having attended schools for the investigation of fires, he stated that he had been in the field of fire investigation for sixteen years. He investigated the trailer fire the next day after it happened. His opinion about the cause of the fire and the facts underlying his opinion follows:

"(examining photographs of the fire destroyed trailer) Well, this is the trailer in question and this is the water heater where more of the origin of the pattern of the fire was beneath the water heater area. You can tell by the way of the intense burning and the way the pattern shows that it went up and spread from that point.

\* \* \* \* \* \*

Apparently the fire originated at the bottom of an electric hot water heater which had been repaired the day before the fire, June 7, 1972, by Mr. J. O'Bryant and his employee, Robert Arriaga. Repairs consisted of installing a new heating element in the . . . heater. The door to the electric operating control and the thermostat connections was left off because the insulation was wet and Mr. O'Bryant thought it would dry faster if the doors was removed.

\* \* \* \* \* \*

The apparent cause of this fire was the heating element in the electric hot water heater shorting out due to the dampness."

He said that during his investigation he interviewed both the owner and the seller of the trailer. At the trial Mr. Graham, the appellant, testified that when he had gone in the bathroom (the night of the fire) to take his shower, the carpet there was still wet.

Appellee attacks the opinion of Throneburg about the cause of the fire by arguing that the opinion amounted to no evidence because it was based on hearsay and was no more than a qualified guess. In that connection, our reading of all of Throneburg's testimony demonstrates that a short in the heating element caused by dampness was clearly his opinion of the cause even though

he used the words "apparently" and "apparent" in his opinion and even though he indicated on cross-examination "possibilities" of other causes.

▪ Further about Throneburg's opinion, a witness who qualifies by training and experience as an expert on the origins of fire can, after investigation, give the jury the benefit of his opinion as to the cause of fire. *Fulton Fire Insurance Company v. First State Bank of Willis*, 353 S.W.2d 937 (Tex.Civ.App.—Waco 1962, writ ref'd n. r. e.). The opinion of an expert in regard to the cause of a fire based on both facts known to him or proved to be true is not valueless or inadmissible merely because his opinion is based in part on hearsay information. *Bryant v. Trinity Universal Insurance Company*, 411 S.W.2d 945 (Tex.Civ. App.—Dallas 1967, writ ref'd n. r. e.). We hold the jury was entitled to consider the opinion of Throneburg.

▪ Appellee indicates that it is just as probable that the cause of the fire was a leak form the trailer's butane system as it was a short in the heating element. Graham did connect the butane system from an outside source of supply to the connection on the outside of the trailer. The line inside the trailer wall lay within six inches to one foot of the hot water heater. But Graham testified that he at no time smelled any odor of butane and, according to him, "it has a real foul odor." Mrs. Graham said that she had cooked several meals prior to the fire with no problems with the butane. So the jury was entitled to believe the cause of the fire was more probably a short in the heating element than to a leak in the butane line.

We hold that the evidence was legally sufficient to support the jury findings 1 and 2 on the basis of negligence or res ipsa loquitur. Appellant's points 1 and 2 are sustained; therefore, it is our duty to reverse the trial court's judgment and render judgment for the appellant.

In his remaining points (3 through 13) appellant, in the alternative, requests us to reverse and remand the case for a new trial.

Because we have heretofore held that the trial court's judgment should be reversed and judgment rendered for the appellant based on appellant's points 1 and 2, we deem it unnecessary to resolve appellant's remaining points. Nevertheless, we have considered them and they are overruled.

By cross-point the appellee challenges the factual sufficiency of the evidence to support the jury's answers to special issues 1 and 2. We have examined the entire record as we are required in that regard. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). In the forepart of this opinion we have detailed briefly the evidence which we have determined to be legally sufficient to support the jury's answers to the questioned special issues. And in our examination of the remainder of the record we have found nothing to cause the evidence to be factually insufficient to support those answers. The appellee's cross-point is overruled.

We, therefore, reverse the trial court's judgment and here render judgment in favor of the appellant for his damages of $13,200.00 in accordance with the jury's verdict plus interest and costs.