**TEXAS ELECTRIC SERVICE COMPANY, Appellant,**

v.

**Gerald T. RAGLE et al., Appellees.**

**No. 17902.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 1, 1977.

Rehearing Denied Dec. 29, 1977.

Joseph A. Chandler, Stephenville, Cantey, Hanger, Gooch, Munn & Collins and Jack C. Wessler and S. G. Johndroe, III, Fort Worth, for appellant.

Crumley, Murphy & Shrull, William M. Murphy, Fort Worth, for appellees.

## OPINION

SPURLOCK, Justice.

This is the third in a series of condemnation cases that Texas Electric Service Company (Tesco) has appealed to this court, *Texas Elec. Service Co. v. Nelon*, 546 S.W.2d 864 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n. r. e.; *Texas Elec. Service Co. v. Wheeler*, 550 S.W.2d 297 (Tex.Civ.App.—Fort Worth 1977) aff'd, 551 S.W.2d 341 (Tex.1977). Like the previous cases, it is the result of Tesco's construction of the first nuclear-powered generating plant in Texas. On June 5, 1975, appellant Tesco acquired an easement across appellee's land in Hood County for a railroad to be used in conjunction with the nuclear-powered generating plant. The jury found that the 203,242 acres of land remaining after the taking of the easement by appellant were diminished in market value $150.00 per acre. Also, the jury found that the 3.018 acres actually taken by appellant had a market value of $800.00 per acre; Tesco does not complain of this jury finding. Tesco has appealed from the judgment below in favor of the landowners to the extent of the diminution in market value of the 203.-242 acres.

We affirm.

By its first point of error, Tesco contends that the trial court erred in denying its motion to strike Dr. Peter Girardot's testimony "for the reason that such testimony was incompetent, prejudicial, and constituted no evidence which could have aided the jury in the performance of its factfinding function."

Dr. Girardot, a chemistry professor at the University of Texas at Arlington, is an authority in waste disposal, including the disposal of nuclear waste. He was called to testify at the trial, since the railroad to be constructed by Tesco cross appellee's land is to be used to transport spent (used) nuclear fuel away from the generating plant; however, the use of the railroad is not limited to the transportation of spent nuclear fuel. Dr. Girardot testified that there was a hazard and "real danger" to the occupants in the territory immediately adjacent to the railroad. According to his testimony, there are two kinds of hazards involved in the transportation of nuclear wastes, one being human failure and the other being equipment failure. Additionally, he testified that there is an actual danger of the release of nuclear contaminants through the actions of terrorists, and he said that "it's easy to see that there is a possibility there that something could go wrong."

On recross examination, the question was asked to Dr. Girardot, "So all of your testimony is based on these possibilities that you have just testified to, is that correct?" His answer was: "That's correct. They are very real."

The thrust of Tesco's first assigned point of error is that Dr. Girardot's testimony was incompetent, since his testimony was only based upon the possibility of a nuclear accident rather than in terms of the probability of a nuclear accident.

In support of his "probabilities-possibilities" argument, Tesco cites the case of *Heddin v. Delhi Gas Pipeline Company*, 522 S.W.2d 886 (Tex.1975). The rule in the *Heddin, supra,* case is as follows:

"To establish that there is a basis in reason or experience for the fear, it is incumbent upon the landowners to show *either* an *actual danger* (emphasis theirs) forming the basis of such fear *or* that the *fear is reasonable, whether or not based upon actual experience.*" *Id.* at 888. (Emphasis ours.)

In the case of *Texas Elec. Service Co. v. Nelon*, 546 S.W.2d 864 (Tex.Civ.App.—Fort

Worth, writ ref'd n. r. e.), this court has interpreted the *Heddin* case, *supra,* as follows:

> "But the rule in *Heddin* does not require that an accident of the type feared already have occurred; it is sufficient if there is a basis in reason for the fear." *Id.* at 869.

We note that Dr. Girardot testified that the danger is based on fact, rather than fancy, delusion or imagination. Appellant's first point of error is overruled. Dr. Girardot's testimony was not rendered incompetent just because he could not testify about the probability of a nuclear accident rather than the mere possibility of such an accident.

■ By its second point of error, Tesco contends that the "trial court erred in overruling appellant's objections and exceptions to the charge and special issues in regard to the submission and form of special issues nos. 3 and 4." This point of error is defective in that it does not indicate where the trial court allegedly fell into error, nor does it specify what objections and exceptions the appellant had to the submission of the charge and special issues. Likewise, the brief does not indicate what appellant's objection was to the submission of the charge and special issues; however, we have examined the transcript to determine appellant's objections to the submission of the charge and special issues nos. 3 and 4. Having done so, we overrule appellant's second point of error.

Tesco's third point of error is that there was "no evidence" to support the jury's answer to special issue no. 4 with regard to the reasonable market value of the remainder after the taking of the railroad right-of-way.

Tesco's fourth point is that the evidence is insufficient to support the jury's answer to special issue no. 4.

■ In considering a "no evidence" point, we must view the evidence in the light most favorable to the jury's findings and disregard all evidence to the contrary. We are bound by the jury's finding, if there is any evidence of probative force to support the jury's finding. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

■ In considering whether there is "insufficient evidence" to support the jury's finding, we must review all of the evidence; however, we should remand for a new trial only if the verdict is so contrary to the great weight and preponderance of the evidence so as to be manifestly unjust. *In re King's Estate, supra.*

The following is a summary of the value testimony that will support the jury's finding:

(1) Gerald T. Ragle, the landowner, testified that his property before the taking had a value of $900.00 per acre and an after-taking value of $400.00, with an additional diminution in value of $100.00 or $150.00 per acre because nuclear waste will be hauled across the property. (This is a $600.00–$650.00 per acre diminution in value.)

(2) Vernon Thomas, a professional real estate appraiser, testified that the remaining property was worth $850.00 per acre before the taking, with an after-taking value of $550.00 per acre with an *ordinary railroad,* but when he considered that nuclear waste would be hauled on the railroad, he put the after-taking value at $350.00 per acre. (This is a $500.00 per acre diminution in value.)

(3) Joe Evans, a real estate broker, testified that the value before taking was $900.00 per acre and the after-taking value was $600.00 per acre. (This is a $300.00 per acre diminution in value.)

■ The jury found that the remaining property had been diminished in value $150.00 per acre because of the taking of the railroad right-of-way, whereas the testimony on value would have supported a jury finding of a much greater diminution in value. We overrule Tesco's third point of error, which is the "no evidence" point.

■ We will not attempt to mention all aspects of the testimony on Tesco's "insufficient evidence" point, but the following is a fair summary of the testimony.

458

Tesco presented two expert witnesses on the market value of the remaining land before and after the taking of the railroad right-of-way. These experts testified that the railroad right-of-way running through the tract of land would have no effect on the value of the remaining property. The before and after value of this land was set at $750.00 per acre by these experts.

■ There is much evidence pertaining to non-nuclear factors which adversely affect the market value of this land. The landowner had the right to introduce evidence of anything which would tend to affect the value of the remainder in the eyes of a potential purchaser or which would tend to make it less valuable. *Texas Electric Service Company v. Etheredge,* 324 S.W.2d 322 (Tex.Civ.App.—Eastland 1959, no writ).

■ The landowner testified that due to inadequate culverts under the railroad, the embankment functions as a dam after a heavy rain which causes a diversion of the natural flow of the waters. The resulting flooding of the fields makes portions of the land virtually useless for cultivation. This could be properly considered by the jury. *City of La Grange v. Pieratt,* 142 Tex. 23, 175 S.W.2d 243 (1943).

■ Witnesses at the trial agreed that the highest and best use of this land would be for small tract development. There is also testimony which indicates that the flooding caused by the embankment has a detrimental effect upon the feasibility of small tract development in the areas immediately adjacent to the railroad. Further, the landowner testified that the railroad track crossed the land in such a way so as to break up the terraces upon the land. This resulted in land cultivation becoming more difficult. This enhanced burden in cultivation is another element that the jury could consider, *Texas Electric Service Company v. Etheredge, supra,* at 324.

■ It was also brought out at the trial that the railroad detracted from the appearance of the land. Also, the trains were noisy. Both of these facts would re-

duce the attractiveness of the land to a potential buyer. The jury could consider this testimony in that it showed a depreciation in the value of the remainder. *City of Amarillo v. Attebury,* 303 S.W.2d 804 (Tex. Civ.App.—Amarillo 1957, no writ). Also, there is inconvenience caused by the construction of inadequate crossing points. This inconvenience in communicating between the two portions of the land could be considered by the jury on the question of damage done to the remainder. *Clements v. Fort Worth & D. S. P. Ry. Co.,* 7 S.W.2d 895 (Tex.Civ.App.—Austin 1928, no writ).

Tesco's point of error no. 4, its "insufficient evidence" point, is overruled.

Having overruled all of Tesco's assignments of error, the judgment of the trial court is affirmed.