Betty L. RALPH, Appellant,

v.

MR. PAUL'S SHOES, INC., Appellee.

No. 1284.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 19, 1978.

Rehearing Denied Nov. 9, 1978.

Charles N. Cartwright, Prichard, Peeler, Cartwright & Hall, Corpus Christi, for appellant.

David T. Burkett, Burkett & Burkett, Inc., David Coover, Jr., Corpus Christi, for appellee.

OPINION

YOUNG, Justice.

Mr. Paul's Shoes, Inc., appellee, brought this suit against Betty L. Ralph, individually and as sole beneficiary of the estate of George Ralph, deceased, for smoke and heat damage to the merchandise, furniture and fixtures located at appellee's store. Appellee alleged specific acts of negligence, i. e., careless disposal of smoking materials by appellant's employees, but did not plead or prove a res ipsa loquitur case. Trial was to the court with a jury, which found that an employee of the appellant negligently caused the fire and damage in question. The appellant moved for a judgment non obstante veredicto alleging no evidence to support the jury's findings. The court denied the motion and entered judgment on the verdict. Appellant's motion for new trial was overruled and this appeal followed. We affirm.

A fair summary of the background facts shows these events and circumstances. Mrs. Ralph's deceased husband was the owner of the Neptune Saloon. Appellee's shoe store was located in a connected building. On the morning of September 9, 1975, two waitresses were on duty as well as the bartender-manager, Elizabeth Belew, who operated the saloon. Business had been slow, and the last customer left the saloon at about 1:40 a. m. The saloon closed for business at 2:00 a. m. After closing, the waitresses cleaned ash trays and glasses off the tables and emptied them into a trash can. Meanwhile Belew checked the cash register behind the bar. The waitresses then proceeded into the saloon's storeroom which also served as their dressing room and as an office, to change from their costumes into their other clothes. After changing, the waitresses walked out of the storeroom to the end of the bar nearest to the storeroom and asked Belew if she wanted them to stay. Belew said they could leave. They all talked a few more minutes, and the waitresses left at about 2:15 a. m. Belew, a nonsmoker, then went to the desk located in the storeroom to do her daily bookwork, and while there neither noticed nor smelled anything unusual. Once finished, she discarded her adding machine tapes into the trash can next to the wall between the clothing locker and the desk. She locked the saloon and went home sometime between 2:25 a. m. and 2:35 a. m.

At 3:39 a. m. the Corpus Christi Fire Department received a fire alarm for the location of the Neptune Saloon. Upon arriving, the firemen found most of the fire centered in the saloon's storeroom and in the attic above the storeroom. Smoke and heat from the fire damaged appellee's inventory of shoes, furniture and fixtures.

Fire inspector Throneburg of the Corpus Christi Fire Department investigated the scene of the fire. At trial, he testified that he had five years experience in investigation and that in his opinion the origin of the fire was the above mentioned trash can in the storeroom. Throneburg also testified that in his opinion the fire was started by discarded smoking materials in the trash can. Throneburg then testified as to the facts upon which he based his opinion. He stated that he not only observed the physical evidence of the fire itself, the burn patterns, and the absence of any other reasonable origin for the fire, but that he also interviewed several people at the scene, namely, the firemen, Belew and the two waitresses. The conversations Throneburg had with others at the scene were offered only to show the facts upon which he based his opinion in part. See *Lewis v. Southmore Savings Association*, 480 S.W.2d 180,

186–87 (Tex.Sup.1972); *Minor v. Commercial Ins. Co. of Newark, N.J.,* 557 S.W.2d 608 (Tex.Civ.App.—Texarkana 1977, no writ). According to Throneburg, the firemen found no signs of arson and no evidence that anyone had broken into the saloon. Belew told him that she had closed around 2:35 a. m., then went out the front door, which was at the opposite end of the saloon from the storeroom, and did not notice any odor or anything unusual in the lounge. Throneburg further stated that the two waitresses told him that while they were changing clothes in the storeroom they both smoked cigarettes and possibly left them in an ash tray. One of them further stated to him that it was their routine to empty all the saloon's ash trays into trash cans and set them next to the wall in the storeroom so they could be taken out the next morning by the cleanup detail.

Belew, who at the time of trial was employed by appellant, Mrs. Ralph, also testified that, although the general policy of the Neptune Saloon was not to allow the waitresses to smoke in the storeroom, that they did so anyway, and that she would permit their smoking if the waitresses would clean up the ash trays and empty them into the trash can in front of the bar between the service rails.

Appellant brings seven points of error. Points 1, 2 and 3 assert that the trial court erred in overruling appellan 's motion for judgment n. o. v. because there is no evidence to support the jury's findings that a) an employee discarded smoking materials in the trash can next to the desk in the storeroom, that b) the act was negligence and that c) the act was the proximate cause of the damages. We disagree.

Appellant's argument centers on the facts that Charles Throneburg was the only witness who testified about the cause of the fire and that all of his opinions were qualified by the term "possibly." From this, appellant argues that Throneburg's opinions are at best conjecture and that thus they constitute no evidence of the cause of the fire. Appellant cites *Leatherwood Drilling Company v. TXL Oil Corporation,* 379 S.W.2d 693, 697 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.) for the proposition that evidence that a happening is possible cannot be accepted as evidence that it did happen.

We do not accept this argument of the appellant for two reasons. First, not all of Charles Throneburg's opinions concerning the cause of the fire were qualified by the term "possibly." On page 34 of the statement of facts we find the following testimony:

"Q. So then, Mr. Throneburg, you are satisfied that your report, in investigating this fire you came to a proper conclusion then, right?

A. Yes.

Q. And in your mind, in your opinion, the fire was started by discarding smoking materials into the trash can, was that correct?

A. Yes, sir."

Secondly, the test of whether an expert's testimony expresses a reasonable probability, as opposed to pure conjecture, that an event occurred is not based upon the semantics of the expert or his use of any particular term or phrase, but rather, is determined by looking at the entire substance of the expert's testimony. *Otis Elevator Company v. Wood,* 436 S.W.2d 324, 331–32 (Tex.Sup.1968); *Insurance Company of North America v. Myers,* 411 S.W.2d 710 (Tex.Sup.1966). In looking at all of Throneburg's testimony, and the facts stated in support of his opinion, we hold that his opinions which were qualified by the word "possibly" were used in the sense of "probably." See *Otis Elevator Company v. Wood, supra; Texas Elec. Service Co. v. Ragle,* 559 S.W.2d 454, 456–57 (Tex.Civ. App.—Fort Worth 1977, writ ref'd n. r. e.); *Graham v. Oak Park Mobile Homes, Inc.,* 546 S.W.2d 394 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Pan American Fire & Casualty Company v. Reed,* 436 S.W.2d 561 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.). Therefore, Throneburg's opinions constituted more than conjecture; they were evidence of the cause of the fire.

Appellant also argues in his point 1 that the testimony is too conjectural to conclude

that one of the employees negligently disposed of smoking materials. Appellant cites several cases, but primarily relies upon *Systech Financial Corp. v. Vaughn*, 558 S.W.2d 105 (Tex.Civ.App.—Tyler 1977, no writ). This was an apartment fire case in which the landlord sued his tenant for damages to the tenant's apartment. The plaintiff's evidence merely proved that a) the defendant was the tenant of the apartment in which the fire occurred, that b) the defendant smoked cigarettes, that c) the fire started in the defendant's sofa and that d) a fire department investigator gave his opinion that the fire was caused by careless smoking on the defendant's sofa. The Court of Civil Appeals affirmed the directed verdict granted to the defendant because one would be required to pile inferences upon inferences to conclude that the defendant's acts were negligent and the proximate cause of the fire.

The present case is different. We need not, here, pile one inference upon an inference to reach a finding that one of the defendant's employees was negligent. Inspector Throneburg's expert opinions, though partially based upon hearsay evidence, are admissible to explain the cause of the fire. *Graham v. Oak Park Mobile Homes, Inc., supra; Garrett v. Standard Fire Ins. Co., Etc.*, 541 S.W.2d 635 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.). The weight to be given such expert testimony is for the jury. *Fulton Fire Ins. Co. v. First State Bank of Willis*, 353 S.W.2d 937 (Tex.Civ.App.—Waco 1962, writ ref'd n. r. e.). These opinions of Throneburg explain that a) lighted smoking materials were in the storeroom on the night of the fire, that b) these smoking materials were discarded into the trash can, that c) these smoking materials caused the fire in the trash can, and that d) the fire in the trash can was the origin of the fire which damaged the appellee's property.

As to the first issue of whether one of appellant's employees discarded smoking materials into the trash container, in addition to the facts mentioned earlier, the evidence shows that persons other than employees were not allowed in the storeroom without permission. Belew did not recall whether any one other than an employee had been in the storeroom the night of the fire. The two waitresses normally smoked, and they routinely put their cigarettes into an ash tray on the desk when smoking in the storeroom. There is evidence in the record that immediately before the fire there was one ash tray in the storeroom on one of the shelves across from the desk and possibly another on the desk, although Belew denied that there was one on the desk when she was doing her bookkeeping. It was the waitresses' duty to discard all smoking materials and empty all ash trays at the end of the day, including the ash trays in the storeroom. According to the evidence the average cigarette could smolder between 10 to 15 minutes or possibly longer before igniting a trash can of flammable material. We hold that the above is some evidence and sufficient evidence to justify the jury's inference that one of the employees of the Neptune Saloon discarded smoking materials into the trash can in the storeroom.

The evidence concerning negligence shows that flammable materials were in the trash can in the storeroom on the night in question as demonstrated by the great quantity of ashes found in the can after the fire. This fact coupled with the other circumstances concerning the time and location of the incident provides evidence that the act was negligent.

Evidence concerning proximate cause, is provided by Throneburg's opinion that the discarded smoking materials caused the fire. Consequently, one need not pile inferences upon inferences to reach the result of the jury. Appellant's points 1, 2 and 3 are overruled.

Appellant's points 5 and 6 contend that the evidence is factually insufficient to support the jury's affirmative answers to the inquiry about an employee's discarding smoking materials and to the inquiry about negligence. After we have reviewed the entire record, we find the evidence is factually sufficient to support the jury's find-

ings. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Appellant's points 5 and 6 are overruled.

Appellant's points 4 and 7 contend the trial court erred in entering judgment for the appellee because the evidence was legally and factually insufficient to support the jury's finding that appellant's employees were acting within the scope of employment at the time of the incident.

In that regard, in order to render a master liable for an act of his servant, the act must be committed within the scope of the general authority of the servant, in furtherance of the master's business and for the accomplishment of the object for which the servant is employed. *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354 (Tex.Sup.1971). These matters may be proved circumstantially. *Hudiburgh v. Palvic*, 274 S.W.2d 94, 100 (Tex.Civ.App.—Beaumont 1954, writ ref'd n. r. e.). We think the evidence we have heretofore set out shows the waitresses were acting within the scope of their authority, in furtherance of the Neptune's business, to accomplish the objects for which they were employed up until the time they left the saloon. More specifically, the evidence clearly indicates that it was the waitresses' duty to the owner Ralph to properly dispose of smoking materials, and that it was the act of negligently disposing smoking materials which caused the fire herein. Even if, as appellant argues, the waitresses were smoking for their own personal pleasure, they had at least some responsibility to their employer to properly dispose of their cigarettes or, if the cigarettes were placed in an ash tray, to empty the ash tray.

Further, if the purpose of serving the master's business actuates the servant to any appreciable extent his acts are within the scope of employment. *Best Steel Bldgs., Inc. v. Hardin*, 553 S.W.2d 122, 128 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.); *Howard v. American Paper Stock Co.*, 523 S.W.2d 744, 747 (Tex.Civ.App.—Fort Worth), reformed per curiam, 528 S.W.2d 576 (Tex.Sup.1975). Only if the servant steps aside from the master's business for some purpose wholly disconnected with his employment will the relation of master and servant be suspended. *Bresman v. Republic Supply Co.*, 63 S.W.2d 1105, 1106 (Tex.Civ. App.—Eastland 1933, writ ref'd). We hold the evidence justifies an inference that the employees' disposal of smoking materials was to some extent actuated by their duties of employment, and thus their acts were within the scope of their employment. Appellant's points 4 and 7 are overruled.

The judgment of the trial court is affirmed.