**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Gene DAVIS et ux., Appellees.**

**No. 8931.**

Court of Civil Appeals of Texas, Amarillo.

Jan. 31, 1979.

Rehearing Denied Feb. 26, 1979.

Underwood, Wilson, Sutton, Berry, Stein & Johnson, H. C. Pipkin, Amarillo, for appellant.

Lovell, Lyle, Renfer, Minkley & Moore, Jim Duvall, Dumas, for appellees.

ROBINSON, Chief Justice.

This is a suit on an automobile accident insurance policy issued by defendant, State Farm Mutual Automobile Insurance Company, to plaintiffs, Gene Davis and wife, Marie Davis, for death benefits on their son, James Rodney Davis, deceased. The policy in question excluded James Rodney Davis by name from insurance coverage during such time as he was operating an automobile. The sole issue at trial was whether James Davis was the driver of the car involved in the accident. The jury found that he was not the driver and the trial court rendered judgment for plaintiffs. Defendant appeals, challenging the legal and factual sufficiency of the evidence to support the jury finding. Affirmed.

Plaintiffs have the burden of proving that the loss was not within the exclusion of policy coverage. *Travelers Indemnity Co. v. McKillip*, 469 S.W.2d 160, 162 (Tex.1971); *Hardware Dealers Mutual Insurance Co. v. Berglund*, 393 S.W.2d 309, 311 (Tex.1965). In determining the legal sufficiency of the evidence we must consider only the evidence which supports the jury's findings and disregard all evidence to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In determining whether there is factual sufficiency of the evidence we must consider and weigh all of the evidence in the case. If in light of all the evidence the finding is not manifestly unjust, the point of error is overruled. *Id.* at 823; *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

In the case before us the only evidence was circumstantial. An ultimate fact may be conclusively shown by wholly circumstantial evidence. *Prudential Insur-* *ance Co. of America v. Krayer*, 366 S.W.2d 779, 780 (Tex.1963). The jury is the judge of the facts and circumstances proven and may also draw reasonable inferences and deductions from the evidence adduced. *Lynch v. Ricketts*, 158 Tex. 487, 314 S.W.2d 273, 276 (1958). The circumstances relied on must have probative force sufficient to constitute a basis of legal inference, they must be reasonably satisfactory and convincing, and they must not be equally consistent with the nonexistence of the ultimate fact. *Mobile, Inc. v. Cone*, 457 S.W.2d 175, 176 (Tex.Civ.App.—Tyler 1970, writ ref'd n. r. e.). The plaintiffs' burden of proof is a preponderance of the evidence. This rule does not require the quality of absolute certainty nor does it require that the plaintiffs exclude every other possibility. *McMillen Feeds, Inc. of Texas v. Harlow*, 405 S.W.2d 123, 130 (Tex.Civ.App.—Austin 1966, writ ref'd n. r. e.). To so hold would impose upon them the burden of establishing their case beyond a reasonable doubt. *Bock v. Fellman Dry Goods Co.*, 212 S.W. 635, 636 (Tex.Com.App.1919, judgmt adopted). All that is required is that the circumstances point to the ultimate fact sought to be established with that degree of certainty as to make the conclusion reasonably probable. *McMillen Feeds, Inc. of Texas v. Harlow, supra*, at 130; *see Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951).

The evidence adduced shows that on October 1, 1976, Danny McMillan, Bud Ruck and Loretta Croutch joined decedent James Davis in the parking lot of The Depot Restaurant in Dumas, Texas. The four got into James' Volkswagen automobile and rode around from 10:00 or 10:30 p. m. to 12:30 a. m. Danny and Bud alternated as drivers. James did not drive but sat with Loretta in the back seat. Loretta left the group first. When Danny got out at The Depot around 12:30 a. m. Bud started driving again and James moved to the front passenger seat. At approximately 12:35 a. m., David Davis, James' brother, saw Bud driving James' Volkswagen. As David drove up behind the Volkswagen, James stuck his head out of the passenger side of

the car and waved at him. David turned to go home and last saw them as they were leaving the city limits of Dumas, around 12:40 a. m., traveling north on U.S. Highway 287 about fifty-five miles per hour.

About fifty-five minutes later, 1:35 a. m., the Volkswagen, southbound on U.S. Highway 287, was involved in a head-on collision with a tractor-trailer rig, at a point four miles sought of Stratford, Texas, and approximately thirty-two miles north of Dumas, Texas. The Volkswagen crossed the center line of the highway into the northbound lane of traffic. The right front of the Volkswagen impacted with the right front corner of the tractor-trailer rig, shearing off its right front wheel. The main remnant of the Volkswagen was knocked about 211 feet in a northeastern direction after impact, its top, hood, wheels, right side and door torn off and the car completely crushed. Both James and Bud were killed and their bodies thrown from the car. James' body was found seventeen feet off the east edge of the highway between the point of impact and the main remnant of the Volkswagen, ninety-six feet southeast of the Volkswagen. Bud's body was found in the northbound lane of the highway, 121 feet northwest of the Volkswagen. There is photographic evidence from which the jury could conclude that James' body was more severely mangled than Bud's body.

The two Highway Patrol troopers and the Deputy Sheriff of Sherman County who investigated the accident testified at trial that they each observed with a flashlight a patch of brown hair, about the size of a silver dollar, impaled on the end of the steering column. The steering column had been mashed to the floor. One of the troopers picked up this piece of brown hair for closer inspection and then laid it down somewhere in the car. James had brown hair, Bud had bleached blond hair. None of the officers observed any blond hair in the car.

The Volkswagen wreckage was taken to Stratford around 5:00 a. m. and later that day hauled to Dumas on a dolly by James Batts, the uncle of James Davis. Batts testified that in cleaning the wreckage he found: (1) a large piece of scalp with brown

hair, three or four inches in diameter, on the passenger side of the car, in the back, stuck against the side of the car; (2) three teeth, which he recognized as James' teeth, still joined in a piece of bone, in the back passenger side; (3) a big chunk of blond hair on the post on the driver's side of the vehicle; and (4) a lot of brown hair on the tape deck which he found in the back passenger side.

After hearing this evidence the jury found that James Davis was not the driver of the Volkswagen at the time of the collision. An appellate court may not substitute its judgment for that of a jury on a disputed issue of fact. *Royal v. Cameron*, 382 S.W.2d 335, 340 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.). Our duty is to determine whether the evidence is legally sufficient to support submission of the issue to the jury and factually sufficient to support the jury finding. Applying the appropriate standards we conclude that there is some evidence to support the submission of the issue to the jury. After a careful consideration of all the evidence we are of the opinion that the evidence is not factually insufficient to support the jury finding.

Each of appellant's points of error is overruled. The judgment of the trial court is affirmed.