UNIVERSITY INTERSCHOLASTIC
LEAGUE et al., Appellants,

v.

Bennie GREEN et al., Appellees.

No. 1475.

Court of Civil Appeals of Texas,
Corpus Christi.

June 13, 1979.

Robert W. Gauss, Richard Scott Rafes, Asst. Attys. Gen., Austin, for appellants.

Douglas M. Kennedy, Spann & Smith, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

This is an appeal from an order granting a temporary injunction. Suit was brought by the parents, individually and as next friends, of Bennie Green, Jr., Jeffrey Albro and Roy Bailey, minors and senior students at King High School [1] in Kingsville, Texas,

---

1. King High School in Kingsville, the minor plaintiffs' school and a Conference AAAA School, is not to be confused with King High School in Corpus Christi, the school which hosted the three-on-three tournament, also a Conference AAAA School.

against the University Interscholastic League (League), the League's director, the chairman of the League's State Executive Committee, the League's Athletic Director, the District 27 AAAA Executive Committee (Committee), the Kingsville Independent School District's superintendent and the Corpus Christi Independent School District's superintendent. Suit was filed on November 22, 1978. The plaintiffs sought to invalidate the order of the Committee made on November 15, 1978, which declared that Bennie Green, Jr., Jeffrey Albro and Roy Bailey, minor plaintiffs were ineligible for the 1978–1979 basketball season by reason of their participation in a "three-on-three" basketball tournament in July, 1978. They also sought a temporary injunction during the pendency of the invalidation suit to enjoin the enforcement of the November 15, 1978, order. Following a hearing on the injunctive relief asked for, the trial judge, by order signed on December 18, 1978, enjoined the Committee and its members from enforcing the November 15, 1978, order "during the pendency of this cause." Furthermore, the superintendents of the Kingsville Independent School District and of the Corpus Christi Independent School District were each enjoined from prohibiting the minor plaintiffs from participating in any basketball games for the 1978–79 season as a result of their having participated in the July, 1978 tournament. Those enjoined by the temporary injunction have appealed. They will henceforth be referred to as "defendants." Bennie Green, Jr., Jeffrey Albro and Roy Bailey will be referred to as "students."

The seeds of the present controversy were planted during the summer of 1978 when the students participated in a "three-on-three" basketball tournament sponsored by the Health and Physical Education Club of Corpus Christi State University, and held at the King High School Gymnasium in Corpus Christi, Texas. A three-on-three basketball tournament is a competition which pits groups of three players against one another on one half of a regulation size basketball court. This particular tourna-

ment did not involve any type of formal coaching. In fact, the event was rather informal, although it was an organized tournament and prizes were awarded.

Subsequent to the tournament, and after the beginning of the 1978–79 school year (September 1, 1978), a question arose regarding the effect of the students' participation in the summer tournament upon their eligibility as varsity players on the King High School basketball team during the 1978–79 season because of a possible violation of Rule 23 and 28 of the League's by-laws covering interscholastic basketball. Rule 23 provided that:

"*Postseason Participation.*—No member of a high school basketball team shall be allowed to participate as a player on any nonschool basketball team following the close of a school's regular season schedule."

Rule 28, in pertinent part, provided that:
"28. *Dates for Practices and Games.* —There shall be no organized or formal basketball practice for a contestant or a team, before or after school prior to:
    October  15—Boys',  Conferences AAAA."

 *    *    *    *    *    *

"No interschool scrimmages or games shall be played prior to  .  .  .
    November 15—Boys' and Girls', Conferences AAAA  .  .  .  or before or after school after the last day for certifying district champions, except as necessary for state playoffs."

The Committee held a meeting on November 18, 1978. At that meeting, it was decided that the students were ineligible to play basketball during the 1978–79 season because their participation on the three-on-three basketball tournament was in violation of Rules 23 and 28.

The Committee's decision was final within the framework of the League, which is a voluntary association of public schools and a part of the Extension Division of the Uni-

versity of Texas at Austin. It is "reformed" every year for the purpose of regulating and furthering the goals of interscholastic competition in varied fields, including athletics. It drafts a Constitution and set of By-laws every school year by which the member schools are governed. Rules 23 and 28 were contained in the League's 1978–79 Constitution and By-laws.

By their points of error 1 and 6, the defendants essentially attack the power of the trial court to entertain the plaintiffs' suit as a matter of jurisdiction and sovereign immunity on the ground that the plaintiffs did not obtain the consent of the State to be sued before they filed this suit. We disagree. We hold that the trial court had jurisdiction to hear the suit based on the principles enunciated by the Court in *Sims v. University Interscholastic League,* 111 S.W.2d 814 (Tex.Civ.App.—Beaumont 1937) *jdg. vacated, case dismissed, and app. dism'd as moot,* 133 Tex. 605, 131 S.W.2d 94 (Tex.Comm'n App.—1939 opinion adopted). We also hold that, although the League is an agency of the State of Texas for certain purposes,[2] it and the other defendants were not sued in this action in their capacities as agents of the State. Additionally, the students alleged loss of their civil and constitutional rights by virtue of the Committee's action. Hence, consent by the State to be sued was not required. *Maritine v. Board of Regents, et al.,* 578 S.W.2d 465 (Tex.Civ. App.—Tyler 1979, no writ).

By their points of error 2, 3, 4 and 5, the defendants attack the injunction on the grounds that the trial judge abused his discretion. At the hearing upon the plaintiffs' request for a temporary injunction, the only question before the trial judge was whether they were entitled to preservation of the status quo of the subject matter of the suit pending a trial on the merits. *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978). Under the record here presented, we cannot say that the trial judge clearly abused his discretion in enjoining the defendants from enforcing the Committee's ruling of ineligibility during the pendency of the suit.

As is evident by the six points of error which have been brought forward, two questions, and two questions only, are to be resolved in this appeal. First, did the trial court have jurisdiction of the suit? Second, did the granting of the temporary injunction constitute an abuse of discretion? The issue of whether the participation by the students in the tournament made them ineligible for the 1978–79 basketball season is not before us in this appeal, and we express no opinion relating thereto. That issue can only be decided following a trial on the merits.

We have considered all of the points of error which have been brought forward in this appeal. They are overruled.

AFFIRMED.

2. *Saenz v. University Interscholastic League,* 487 F.2d 1026 (5th Cir. 1973).