John Edward SWETLICK and Elvera Swetlick, Appellants,

v.

DAVIS OIL COMPANY and Michael Mulvey, Appellees.

No. 1685.

Court of Civil Appeals of Texas, Corpus Christi.

April 23, 1981.

Rehearing Denied May 21, 1981.

C. W. Mann, Corpus Christi, for appellants.

Richard Stone, Corpus Christi, Richard D. Watt, Woods, Aston, Harman & Watt, Houston, for appellees.

## OPINION

YOUNG, Justice.

This appeal arises out of negotiations between appellants, John Edward and Elvera Swetlick, and appellees, Davis Oil Co. and Michael Mulvey, who acted as the company's agent, for leasing the mineral interests under appellants' land. Allegedly, fraudulent misrepresentations were made to the appellants concerning pooling provisions and royalty payments, which induced the appellants to sign the lease. Issues were submitted to a jury which failed to find the requisite intent to defraud. Judgment was accordingly entered for the appellees. We affirm.

Negotiations for the procurement of an oil and gas lease on the property owned by appellants began in 1976. At that time, a landman, Michael Mulvey, working for the appellee oil company, allegedly represented to the appellants that they would receive the same royalties and bonus as would their neighbors and that the property would be pooled in a unit of about 160 acres. The lease, which was signed on October 6, 1976, gave the appellants ⅛th royalty and provided for a pooled unit not to exceed 320 acres plus 10% acreage tolerance.

Sometime thereafter, the appellee oil company re-evaluated the tract and reached the conclusion that more acreage should be included in the unit. The decision to expand the acreage was largely based on an evaluation by Robert Tysor, who was in charge of drilling prospects in the area for the oil company. New leases were acquired at a larger royalty (³⁄₁₆) than that (⅛) given appellants, and all the tracts were unitized. A producing gas well was completed on the appellants' property.

Appellants brought this action alleging fraudulent inducement in procuring their agreement to sign the lease. In effect, appellants contend that but for the promise that they would receive no less bonus and royalty interest than would any of their neighbors and the promise that no pooling units would be more than 160 acres, they would not have signed the lease. A claim for surface damages was filed on the day the trial began by way of trial amendment, but the trial court did not permit a trial on that cause of action.

Special issues were submitted to a jury, seeking findings as to the elements of fraudulent inducement. The jury answered in the affirmative only the issue of whether a promise of equal royalties was made to the appellants. The jury then answered in the negative the question whether the promise was made with the intention of not fulfilling it. In the absence of an affirmative answer to the issue of intent, the jury was instructed not to answer the other issues concerning fraudulent inducement. Judgment was entered for appellee oil company based on these findings. The trial court also entered an instructed verdict in favor of appellee Mulvey because of no evidence of damages.

On appeal, appellants essentially contend that the trial court erred in two respects: 1)

the admission of expert opinion testimony relating to the reasons why appellee changed its evaluation of the oil lease; and 2) the refusal to permit the filing of the trial amendment setting out appellants' claim for surface damages. No error is alleged in the trial court's instructed verdict for appellee Mulvey.

In the first two points, appellants allege error in the failure of the trial court to exclude opinion evidence offered by Mr. Tysor, the chief geologist for the appellee. Appellants contend that the opinion of Tysor should not have been admitted because his opinion was based on hearsay. In qualifying Mr. Tysor as an expert, the attorney for appellees reviewed his experience in the oil and gas field. Mr. Tysor had twenty-five years of service as a geologist for different oil companies. At the time of his testimony, he was in charge of drillable prospects for the oil company. In this capacity, he used ". . . geophysical methods and subsurface collations of existing well boards in the Gulf Coast to attempt to map structures that may contain hydrocarbons." His qualification as an expert evidences an indepth knowledge of the oil and gas industry.

■ After qualifying as an expert, Mr. Tysor, who was the geologist in charge of the Swetlick lease for Davis Oil Company, was cross-examined by the appellant under the adverse party rule. Rule 182, T.R.C.P. Under questioning from the attorney for the appellants, the witness testified that he had personal knowledge of the geological studies relating to the Swetlick well. Later during direct examination, Tysor admitted that he used data that his predecessor had assembled, but made it clear that he made his own interpretation. His testimony suggests that his evaluation of the productivity of the Swetlick track was based on many factors: well logs, survey maps published by the Southwest Mapping Service, core analysis prepared by his colleagues at Davis Oil, the evaluation made by his predecessor in employment, production data, performance reports by oil scouts (all of the foregoing were not admitted into evidence) *and*

his personal knowledge of geological studies and his own expertise in geology and the making of structural maps. The record shows that the testimony of Mr. Tysor was not based *solely* on hearsay evidence. His testimony was based partially on reports and ex-parte statements not introduced into evidence and partially on his personal knowledge of the Swetlick lease. As such, his testimony was clearly admissible. *Moore v. Grantham*, 599 S.W.2d 287 (Tex. Sup.1980); *State v. Oakley*, 163 Tex. 463, 356 S.W.2d 909 (1962); *Graham v. Oak Park Mobile Homes, Inc.*, 546 S.W.2d 394 (Tex. Civ.App.—Corpus Christi 1977, no writ).

Even if portions of the testimony were inadmissible, the appellant must show that the admission of the expert testimony was reasonably calculated to and probably did cause the rendition of an improper judgment. We hold that the error did not amount ". . . to such a denial of the rights of the appellants as was reasonably calculated to cause and probably did cause the rendition of an improper judgment . . . ." Rule 434, T.R.C.P.; *Miller Mutual Fire Ins. Co. of Texas v. Ochoa*, 432 S.W.2d 118, 122 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.).

■ The final points of error, relating to the refusal of the trial court to permit the filing of a trial amendment, are without merit. The trial court granted the motion of appellee to strike the new cause of action for surface land damage set out in the trial amendment, citing unfair surprise. We find no abuse of discretion by the trial court and, therefore, no error in the order striking that portion of the trial amendment in question. Rule 63, T.R.C.P.

In view of our resolution of appellants' points, we deem it unnecessary to discuss appellee oil company's cross-points.

The judgment of the trial court is affirmed.

BISSETT, J., not participating.