Paul G. GAY, et al., Appellants,

v.

The STATE of Texas, and State Department of Highways and Public Transportation, Appellees.

No. 07–86–0150–CV.

Court of Appeals of Texas, Amarillo.

April 28, 1987.

Rehearing Denied May 26, 1987.

Underwood Law Firm (Kelly Utsinger), Amarillo, Tex., for appellants.

Jim Mattox, Atty. Gen., Richard D. Naylor, Asst. Atty. Gen., Austin, Tex., for appellees.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellants Paul G. Gay, individually, and Mr. and Mrs. Robert Young, individually and as beneficiaries of the estate of Jean Elizabeth Young, deceased, and Robert Young, in his capacity as the temporary administrator of the estate of Jean Elizabeth Young, deceased, bring this appeal from a summary judgment in favor of appellees the State of Texas and the State Department of Highways and Public Transportation. After severance of that portion of appellants' original suit, the trial court decreed that appellants "take nothing against the Defendants [appellees] ... upon any claim or cause of action predicated upon an alleged constitutional tort or a violation of Plaintiffs' [appellants'] constitutional or civil rights under the provisions of 42 U.S.C. Sections 1983, 1985, 1986 or 1988." We affirm that judgment.

The suit giving rise to this appeal is one for personal injuries and wrongful death. It arises out of a head-on automobile collision on Interstate Highway 40 approximately fifty-five miles east of Amarillo in Donley County, Texas. At the time of the collision, the westbound lanes of Interstate 40 in the area of the accident site had been completed and construction of the eastbound lanes was underway. The contractor performing the construction work was Gilvin-Terrill, Inc. and it is not a party to this appeal.

In appellants' third amended petition, their action pleading, they assert that appellees were negligent in the design and construction of the highway, in the planning of the work and traffic sequencing, in routing both the east and westbound traffic onto the completed lanes of Interstate 40, and in failing to adequately warn of the existence of two-way traffic on the completed lane. As relevant here, they say because of this alleged negligent and grossly negligent conduct, appellees were "implementing a policy or custom that when executed or implemented produced a constitutional tort" because by "implementing these official policies in a grossly negligent or deliberately indifferent manner" appellees violated the constitutional and civil rights of appellants. As a result of these violations, appellants allege, they were entitled to a recovery against these appellees by virtue of 42 U.S.C.A. §§ 1983 et seq. (1981), which allows recovery against "every person" who commits such a violation.

In attacking the judgment appellants raise four points of error. In those points appellants say the trial court erred in (1) severing the constitutional tort and civil rights claims of appellants against the State and rendering judgment thereon because it "impermissibly split the constitutional and civil rights causes of action against the State and Gilvin-Terrill," a co-defendant; (2) granting the judgment because there was no summary judgment evidence to establish the absence of a constitutional tort; (3) granting the judgment because a viable cause of action exists against the State as a "person" for purposes of federal constitutional and civil rights claims; and (4) granting the judgment because there was no summary judgment evidence presented to the court.

We will first discuss appellants' third point. The thrust of their argument under this point is that the State may not invoke sovereign immunity as a shield for its violations which, appellants argue, amount to violations of constitutional rights and are, therefore, constitutional torts for which recovery may be made. They say that suits

such as the instant one, being brought in a state court, are without the bar of the Eleventh Amendment to the United States Constitution which only prohibits the exercise of the "judicial power" of the United States in such suits brought in federal courts. Appellants further assert that appellees are "persons" within the purview of 42 U.S.C.A. § 1983 (1981), and, since they alleged violations within the reach of that statute, they are entitled to pursue the suit. Moreover, they contend, since the sovereign immunity of the State does not extend to or protect it against suits alleging deprivation of civil and constitutional rights, no consent by the State to be sued is required and they are entitled to continue with the suit in state court.

In response to those assertions, appellees acknowledge that appellants are "technically" correct in that the bar of the Eleventh Amendment does not extend to actions in state court. However, they opine, the Eleventh Amendment is but an embodiment of the pre-existing and still valid rule that a state cannot be sued without its consent. Since that continues to be the rule, appellees conclude, and since the State's defense of sovereign immunity has not been abrogated by 42 U.S.C.A. § 1983 (1981) (the Civil Rights Act) or consent to such a suit as this included in the purview of chapter 101 of the Texas Civil Practice and Remedies Code (Vernon 1986) (formerly Tex.Rev.Civ.Stat.Ann. art. 6252–19) (the Texas Tort Claims Act), the trial court acted correctly in reaching its judgment.

We first note the general rule that a suit brought to control State actions or to subject the State to liability is not maintainable without legislative consent or statutory authorizations is well established and of long duration. *Griffin v. Hawn*, 161 Tex. 422, 341 S.W.2d 151, 152 (1960); *Director, Etc. v. Printing Industries Ass'n*, 600 S.W.2d 264, 265 (Tex.1980). As a natural corollary of that rule, it is also established that the State is not liable for torts of its officers or agents in the absence of a constitutional or statutory provision, the waiver of governmental immunity being a matter addressed to the legislature. *Lowe v. Texas Tech University*, 540 S.W.2d 297, 298 (Tex.1976).

In support of its broadly stated proposition that the sovereign immunity of the State does not extend to or protect it against suits alleging deprivation of civil and constitutional rights and consent to such suits is not required, appellants rely upon the decisions in *University Interscholastic League v. Green*, 583 S.W.2d 907 (Tex.Civ.App.—Corpus Christi 1979, no writ), and *Martine v. Bd. of Regents, State Sr. Colleges, Etc.*, 578 S.W.2d 465 (Tex.Civ. App.—Tyler 1979, no writ). We do not agree that these cases establish that exception to the general rule.

In *Martine v. Bd. of Regents*, 578 S.W.2d at 469–70, while the Court did state that "the doctrine of governmental immunity from suit is currently in disfavor," it specifically recognized the continued viability of the general rule that the State cannot be sued in its own courts without its consent. The actual question before the Court was whether an individual was entitled to access to the courts for judicial review of a determination by an administrative agency of the State which infringed upon that individual's vested property rights. In answer to that particular question, the Court held that allowing such a review was not necessarily a procedure at variance with the recognized doctrine of sovereign immunity and, therefore, could be maintained. *Id.* at 472.

The question before the Court in *University Interscholastic League v. Green*, 583 S.W.2d at 907, was whether the trial court had acted correctly in entering a temporary injunction prohibiting the League from enforcing its order refusing those plaintiffs the right to participate in varsity basketball pending the resolution of a suit challenging that prohibition. In affirming the trial court's action, the *Green* Court specifically noted those defendants were not sued as agents of the State, and, citing *Martine v. Bd. of Regents*, noted that that type of suit, *i.e.*, to review a determination of an agency of the State, was not of such a nature as to require State consent. *Id.* at 909. Moreover, and parenthetically, we must note that the University Interscholastic League is not a governmental entity or

State agency. *See University Interscholastic League v. Payne*, 635 S.W.2d 754, 757–58 (Tex.App.—Amarillo 1982, writ dism'd).

Having determined the continued viability of the general rule of sovereign immunity insofar as it relates to damage suits directly against the State for torts of its officers and agents, it next becomes necessary to determine if there has been a constitutional or legislative abrogation of that doctrine insofar as it might apply to suits such as the one we review here.

■ A state's sovereign immunity may be deemed waived in regard to private damage actions grounded in statutes enacted by Congress pursuant to its power to enact "appropriate legislation" for the purpose of enforcing the Fourteenth Amendment to the United States Constitution against the states. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976); *see also* U.S. Const. Amend. XIV, § 5. The states are considered to have waived their immunities through their ratification of that Fourteenth Amendment. *See, e.g., Peel v. Florida Department of Transportation*, 600 F.2d 1070, 1078 (5th Cir.1979).

It is appellants' position that appellees are subject to this suit by virtue of the provisions of the Civil Rights Act of 1871, now codified as 42 U.S.C.A. § 1983 (1981), since, they say, a state is a "person" within the purview of that statute making such a "person" civilly liable for deprivation of civil rights. In support of this contention, they cite *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In that case the Court said that the act was plainly enacted "to enforce the provisions of the fourteenth amendment." *Id.* at 665, 98 S.Ct. at 2073. It went on to hold school district and local governments to be "persons" subject to suit under 42 U.S.C.A. § 1983 (1981) "where, as here, the action that is alleged to be unconstitutional implements or executes a ... decision officially adopted and promulgated by that body's officers." *Id.* at 690, 98 S.Ct. at 2036. However, the Court specifically limited its

holding to "local government units which are not considered part of the State for Eleventh Amendment purposes." *Id.* at 690 n. 54, 98 S.Ct. at 2035 n. 54. *In Quern v. Jordan*, 440 U.S. 332, 342–344, 99 S.Ct. 1139, 1145–1147, 59 L.Ed.2d 358 (1979), the Court reiterated that limitation, reasoning that neither the statutory language nor the legislative history of section 1983 evinced the requisite express congressional intention to override the traditional state immunity to private damage suits. While these cases involved application of the Eleventh Amendment exemption of states as to cases filed against them in federal courts, as applied to the instant case that is a distinction without a difference.

■ The Eleventh Amendment itself is but an exemplification of the broader and pre-existing doctrine of state sovereign immunity, *In re State of New York*, 256 U.S. 490, 497, 41 S.Ct. 588, 589, 65 L.Ed. 1057 (1921), and, its bar of the exercise of the "judicial power" of the United States is in recognition of that historic immunity. The construction given section 1983 by the *Quern* Court is, therefore, of two-fold significance. First, it constitutes a recognition of traditional state sovereignty that has not been abrogated by state or federal action. Second, its construction of the term "person" as used in section 1983 as not including a state is of significant application in this case. It is well established that, to the extent that a case involves a right conferred by federal statute, we should be governed by the construction of the statute by federal courts. *City of Amarillo v. Langley*, 651 S.W.2d 906, 912 (Tex.App.—Amarillo 1983, no writ). We must conclude, therefore, that appellee, the State of Texas, is not a "person" within the purview of section 1983 *et seq.*, and a suit based upon that statute could not be maintained even in the state courts. Since the Department of Highways and Public Transportation is but a branch of the State, it naturally follows that neither would it be a "person" within the purview of the federal statute since it would share the State's governmental immunity. *Lowe v. Texas Tech*, 540 S.W.2d at 298; *see also Laje v.*

*R. Thomason General Hospital,* 665 F.2d 724, 726–27 n. 2 (5th Cir.1982).

■ Although artfully and adroitly worded and pled, appellants' action is, in essence, a negligence action. For reasons which we have expressed, this action is not one maintainable against the State under 42 U.S.C.A. § 1983 (1981). Neither does the fact that such an action may not be maintained against the State violate the Due Process Clause of the Fourteenth Amendment. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). In the words of the *Daniels* Court:

> [T]hat injuries inflicted by governmental negligence are not addressed by the United States Constitution is not to say that they may not raise significant legal concerns and lead to the creation of protectible legal interests. The enactment of tort claim statutes, for example, reflects the view that injuries caused by such negligence should generally be redressed. It is no reflection on either the breadth of the United States Constitution or the importance of traditional tort law to say that they do not address the same concerns.

*Id.* 106 S.Ct. at 669. This type of tort action is simply not the type of abusive government conduct the Due Process Clause was designed to prevent. *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677, 682 (1986).

■ Although not included in their brief, upon oral submission appellants advanced an additional argument to support their position. As we understand the thrust of that argument, it is that since the State by the passage of the Texas Tort Claims Act (Tex.Civ.Prac. & Rem.Code Ann. §§ 101.-002 *et seq.* (Vernon 1986)) waived its governmental immunity as to various acts of ordinary negligence (§§ 101.021, 101.022, 101.060(c)), by implication it must have waived that immunity as to the more serious acts of gross negligence and deliberate indifference which, they say, rise to torts of constitutional dimension. Therefore, they reason, such consent having been given, this suit was permissible. We disagree.

It is well established that for the legislature to waive the State's sovereign immunity, it must do so by clear and unambiguous language. *Duhart v. State,* 610 S.W.2d 740, 742 (Tex.1980). Moreover, in waiving that immunity, the State is free to limit the terms of the consent to be sued. *Trinity River Authority v. Williams,* 689 S.W.2d 883, 886 (Tex.1985). In section 101.024 of the Texas Tort Claims Act, the legislature specifically provided that its waiver did not apply to the recovery of exemplary damages. It would necessarily follow, we think, that the legislature did not waive sovereign immunity to any actions other than those specifically permitted by the act. Parenthetically, we note that this type of limitation is rationally related to the legitimate purpose of protecting the state treasury from having to pay punitive damages when only the taxpayers and not the "wrongdoer" would be punished and is not violative of constitutional equal protection or due process rights of claimants such as appellants. *Lynch v. Port of Houston Authority,* 671 S.W.2d 954, 957–58 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). We overrule appellants' third point of error.

■ Having made this decision, it now becomes necessary to consider appellants' second and fourth points of error in which they challenge the sufficiency of the summary judgment evidence to sustain the judgment. In argument under this point, appellants point out that appellees' motion for this partial summary judgment was based upon the pleadings in this case. They correctly point out the rule in Texas that a motion for summary judgment generally may not be used to resolve the issue as to whether pleadings fail to state a cause of action, *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex.1983), and, if that is the basis of the motion, the party must be given an opportunity to amend after special exceptions have been sustained before the cause can be dismissed. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974). However, as this Court has previously noted, there are exceptions to that general rule and in certain situations summary judg-

ment is properly rendered on the pleadings. *See Daves v. State Bar of Texas*, 691 S.W.2d 784, 790 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.), *appeal dismissed*, 474 U.S. ——, 106 S.Ct. 774, 88 L.Ed.2d 754 (1986). Such a situation exists where a pleading deficiency is of the type that cannot be cured by an amendment, and, in that case a special exception is unnecessary and a summary judgment based upon the pleadings is in order. *Jacobs v. Cude*, 641 S.W.2d 258, 261 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

■ In appellants' third amended petition, they state that "THE STATE OF TEXAS and its legally authorized governmental agency, THE STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION ... are units of government of the State of Texas." Those pleadings show that appellants' suit is one against the State and a governmental agency. A suit against such an agency is a suit against the State. *Lowe v. Texas Tech*, 540 S.W.2d at 298. For reasons expressed above, this suit is one in which the State is not liable because of its sovereign immunity. That being the case, no amendment could be made which would defeat that sovereign immunity or make the State into a "person" under section 1983. Therefore, the trial court had a sufficient basis upon which to render its summary judgment. Appellants' second and fourth points of error are overruled.

■ The disposition which we have made of appellants' other points of error foreshadows our disposition of their first point in which they argue that the trial court erred in severing the constitutional tort and civil rights claims of appellants and granting summary judgment as to those claims. Tex.R.Civ.P. 41 provides that "[a]ny claim against a party may be severed and proceeded with separately." This rule refers to a claim which is a severable part of a controversy which involves more than one cause of action. *McGuire v. Commercial Union Ins. Co. of N.Y.*, 431 S.W.2d 347, 351 (Tex.1968). The claim against appellees based upon constitutional and civil rights claims of appellants were claims that could be differentiated from appellants' other claims, and, being claims upon which appellees were entitled to summary judgment, the court's action in severing those claims and granting summary judgment as to those claims was proper. *Ingrum v. Ingrum*, 552 S.W.2d 914, 916–17 (Tex.Civ. App.—San Antonio 1977, no writ). Appellants' first point of error is overruled.

In summary, all of appellants' points of error are overruled and, there being no reversible error, the judgment of the trial court is affirmed.