Dan THOMAS, Appellant,

v.

Tommy CROW, et al., Appellees.

No. 12–92–00097–CV.

Court of Appeals of Texas,
Tyler.

Aug. 27, 1993.

Rehearing Denied Oct. 29, 1993.

Dan Thomas, pro se.

Tommy Crow, pro se.

RAMEY, Chief Justice.

Dan Thomas, the plaintiff below, appeals the dismissal of his *pro se* civil action against Tommy Crow and Charles Lightfoot. Thomas, an inmate in the Texas Department of Criminal Justice, Institutional Division, filed an action alleging deprivation of his constitutional rights insofar as Lightfoot presided over, and Crow affirmed, the outcome of a disciplinary hearing adjudging Thomas guilty of failing to obey an officer's order. The court below dismissed the action pursuant to Sec. 13.001, TEX.CIV.PRAC. & REM.CODE. We will affirm the dismissal.

On November 19, 1991, a disciplinary hearing was held as a result of an accusation by Officer Laura Hayes that, on November 2, Thomas refused to obey her order directing him to stop masturbating at his cell door. Thomas was notified of the accusation and of the pendency of the disciplinary hearing on November 6. He was found guilty of the charge and assessed a punishment which included loss of certain privileges and other restrictions.

Thomas complained that his rights were violated in the following particulars:

1) that there was no evidence of his commission of the offense,

2) that he was denied a continuance needed to produce evidence of an Internal Affairs Division investigation containing a polygraph test to the effect that Officer Hayes was not telling the truth about the

incident, but was retaliating because of an earlier grievance,

3) that he should have received a 24 hour continuance on being told of a "sub-counsel" change on the day of the hearing, and

4) that he was not allowed to present polygraph evidence in his defense.

Thomas requested the following relief:

1) declaratory and injunctive relief prohibiting the policy attributed to the defendants of denying to inmates the use of polygraph examinations to corroborate their credibility when accused by correctional staff, and

2) Damages of $2500.00 against each of the two defendants.

The action was dismissed by the trial court pursuant to Sec. 13.001, Tex.Civ.Prac. & Rem. Code, which provides that an action accompanied by a Rule 145 affidavit of inability to pay costs of suit may be dismissed if the claim is frivolous, i.e., if it has no arguable basis in law or fact. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex.1990). Thomas's three points of error essentially object to the trial court's implicit finding that his claims had no arguable basis in law or fact.

■ With respect to the claims for injunctive and declaratory relief mandating the availability of polygraphs in prison disciplinary hearings, suffice it to note that polygraph tests are generally inadmissible in civil suits, *Bufkin v. Texas Farm Bureau Mut. Ins. Co.*, 658 S.W.2d 317, 322 (Tex.App.—Tyler 1983, no writ), and the existence and results of polygraph examinations are inadmissible for all purposes in criminal cases, *Tennard v. State*, 802 S.W.2d 678, 683 (Tex.Crim.App. 1990). Thomas' unsupported assertion of a right to use such devices in prison disciplinary hearings therefore has no arguable legal basis, and such claims were rightly dismissed.

■ Thomas asserted his damage claims against the defendants in both their official and individual capacities. The State of Texas, along with its various administrative branches and agencies, is immune, by virtue of sovereign immunity, from liability in money damages under federal civil rights law, *Gay v. State*, 730 S.W.2d 154, 157 (Tex.

App.—Amarillo 1987, no writ). And since a suit against a State employee in his official capacity is, in effect, a suit against the State itself, the recovery of money damages is likewise precluded, *Esparza v. Diaz*, 802 S.W.2d 772, 778 (Tex.App.—Houston [14th Dist.] 1990, no writ). Thomas' claims for money damages against these defendants in their official capacity are therefore barred as a matter of law, and were properly dismissed.

■ There remain, then, the claims that Crow and Lightfoot are personally answerable in damages for their having violated Thomas' procedural rights as alleged in his petition. As individuals who heard, decided, and reviewed the accusations against and defenses asserted by Thomas, these defendants were acting in a quasi-judicial capacity, and are therefore entitled to "official immunity" from suit, so long as they acted in good faith and the actions taken were within the scope of their authority. *Esparza v. Diaz*, 802 S.W.2d 772, 778–79 (Tex.App.—Houston [14th Dist.] 1990, no writ). The standard for judging "good faith" is an objective one, not whether the actor had impermissible intentions, but whether his conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). And because of the potential disruption, distraction, and cost of defending claims asserted personally against public officials, plaintiffs are required to plead specific facts demonstrating exactly which clearly established standards were violated by the defendant-officials. *Elliott v. Perez*, 751 F.2d 1472, 1477–79 (5th Cir., 1985). Thomas has failed to plead any such facts.

■ The constitutional prohibition against the deprivation of liberty without due process of law requires, when applied to prison disciplinary hearings, that the accused receive advance, written notice of the charges, a written statement by the fact-finder as to the evidence relied on and the reasons for the action taken, and the right to present evidence, subject to reasonable restrictions necessary to keep order within the penal institu-

tion. *Wolfe v. McDonnell,* 418 U.S. 539, 563–572, 94 S.Ct. 2963, 2978–82, 41 L.Ed.2d 935 (1974). The record in this action shows that Thomas was given ample notice of this charge, and that the written report of the hearing summarizes the evidence and the reasons for the action taken.

Thomas complains that he was not allowed to utilize a polygraph test to support his testimony against that of the accusing officer. But, as explained above, in that respect he is subject to the same restriction as all Texas litigants, and his claim has no arguable basis in law.

He also alleges that there was no evidence of his culpability at the hearing. But Thomas' references to the officer's charges and accusation, as well as the disciplinary hearing report found in the record, make it clear that there was evidence of the offense presented, even if it was not as readily challengeable as live testimony in a full blown civil or criminal lawsuit. The due process right to present evidence does not entail the absolute right to confront and cross-examine witnesses in a disciplinary hearing. *Wolfe, Ibid.* at 567–68. Again, this allegation fails to allege a claim with any basis in law.

Thomas alleges that he was denied a requested continuance because of a "sub-counsel" change and in order to procure an alleged internal report casting doubt on the accusing officer's credibility. But Thomas fails, first, to allege any facts even remotely suggesting that he had an established right to the continuances requested or that the internal document he wished to use would have been available under established discovery procedures. In order to state a good claim against these defendants in their individual capacities he must not only allege facts establishing the existence of these procedures, but also facts tending to show that these defendants were aware of them and intentionally disregarded them. This he has not done, and he has therefore failed to adequately plead a legally cognizable claim against these defendants in their personal capacity.[1]

Because we find that none of the claims asserted by Thomas have a basis in law, the trial court did not abuse its discretion in dismissing this action, and we overrule Thomas' points of error. The judgment below is affirmed.

---

1. Our conclusion here should not be understood as a finding that the disciplinary hearing was without error. The question is not whether these officials rendered a decision that might have been reversed on review, but whether their decisions adjudicating and reviewing this charge, if erroneous, subjected them to personal liability for violating Thomas' rights.